**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 16-4647**

---

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TONY LAMONT ROCHELLE, JR.,

                    Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:16-cr-00146-CCE-1)

---

Submitted: March 30, 2017                    Decided: April 3, 2017

---

Before TRAXLER and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Louis C. Allen, Federal Public Defender, Ira Knight, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Kyle David Pousson, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony Lamont Rochelle, Jr., pled guilty to carjacking, 18 U.S.C. § 2119 (2012), and brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii) (2012). He appeals his resulting 130-month sentence. On appeal, Rochelle's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court imposed an unreasonable sentence by denying a downward variance. Rochelle was notified of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a response brief. For the reasons that follow, we affirm.

We review Rochelle's sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 46 (2007). We first ensure that the court "committed no significant procedural error," such as improper calculation of the Sentencing Guidelines, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, and inadequate explanation of the sentence imposed. United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010) (internal quotation marks omitted). If we find the sentence procedurally reasonable, we also review its substantive reasonableness under "the totality of the circumstances." Gall, 552 U.S. at 51. We presume that a within-Guidelines sentence is substantively

2

reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014). Rochelle bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id.

Our review of the record indicates that Rochelle's sentence is reasonable. The court properly calculated the applicable Sentencing Guidelines range, considered the parties' sentencing arguments, and provided a reasoned explanation for the sentence it imposed, expressly grounded in various § 3553(a) factors. The court specifically considered Rochelle's request for a downward variance, but reasonably declined to sentence him below the Guidelines range, concluding that such a reduction was unwarranted based on the seriousness of the offense, the benefit Rochelle received from the plea bargaining process, his significant criminal record at a very young age, and a substantial need to protect the public. Rochelle fails to rebut the presumption of substantive reasonableness accorded his within-Guidelines sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Rochelle, in writing, of the right to petition the Supreme Court of the United States for further review. If Rochelle requests that a petition be filed,

3

but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rochelle.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED